*Formatted for Electronic Distribution*                                                                                                          *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

    **Mary Ayline Eversole,**
                    **Debtor.**

Filed & Entered
On Docket
November 30, 2011

**Chapter 7 Case
# 11-10838**

## ORDER
## GRANTING FEE APPLICATIONS AND GRANTING LIMITED APPROVAL OF FEE SHARING ARRANGEMENT

        The Debtor commenced this case by filing a chapter 7 petition (doc. # 1) on September 19, 2011. The Court set a hearing to consider whether the two attorneys representing the Debtor in this chapter 7 case were sharing fees in violation of § 504 of the Bankruptcy Code, or otherwise handled this case in a manner that warranted disgorgement of fees under § 329. The Court held a hearing on these issues on November 1, 2011. Pursuant to the scheduling order entered on November 1, 2011 (doc. # 11), the two attorneys who represented the Debtor in connection with this bankruptcy case have filed a fee applications (doc. ## 13, 14) and an affidavit (doc. # 15), in support of their "Co-Counsel Agreement" and the fees the Debtor paid to them pursuant to that agreement, and the U.S. Trustee has filed a memorandum of law (doc. # 17) raising questions about the sufficiency of the attorneys' disclosure of their fee arrangement.

        After a review of the unusual facts and circumstances underlying the Co-Counsel Agreement, the additional disclosures, fee applications and the affidavit that the attorneys have filed, the record in this case, and the U.S. Trustee's statement of position, THE COURT FINDS that the fees the Debtor paid to each attorney are reasonable, the services each attorney rendered were necessary and have been properly documented in the fee applications, the attorneys have competently represented the Debtor, the 2016(b) Statement as originally filed was incomplete but the disclosures are now sufficient after the recent filings by the attorneys, and there is no indication the attorneys had an intent to conceal or mischaracterize the nature or amount of the fees the Debtor paid them in connection with this case.[1] The COURT FURTHER FINDS that there is no basis for a sharing of fees for services to the Debtor going forward.

---

[1] The U.S. Trustee refers to this Court's decision in In re Laferriere, 286 B.R. 520 (Bankr. D. Vt. 2002) in which the Court denied all fees and directed disgorgement of all compensation paid, and describes this case as similar in that the original 2016(b) statement was inaccurate. However, that case is distinguishable in that there were numerous and substantial indicia of concealment in Laferriere, whereas there are none here. In this case, the 2016(b) Statement did not disclose an additional agreement found in the August 14, 2011 engagement letter (doc. # 14 attachment) which set forth a fee of $600.00 for a potential, but not yet filed, adversary proceeding regarding tax debt. However, the Debtor has not yet paid any fees in connection with this potential adversary proceeding.

Therefore, IT IS HEREBY ORDERED that

1. the fee application of Timothy King for $500.00 is approved;

2. the fee application of Craig S. Sternberg for $1,000.00 is approved;

3. the Co-Counsel Agreement is approved with respect to fees in connection with the filing of the bankruptcy case; and

4. the Co-Counsel Agreement is not approved with respect to services rendered with respect to any adversary proceeding, and fees for any such services shall be charged by one attorney only and must be approved by this Court in accordance with the U.S. Trustee Guidelines.

SO ORDERED.

November 29, 2011  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge